WILLIAM C. LAMKIN AND ALFRED S. FOSTER, APPEL-
LANTS, v. WILLIAM B. DOUGLASS, RESPONDENT.

*Attachment — requisites of the affidavit to be used in an application for it — it may be made by the party's agent — it need not contain the precise words used in the Code.*

It is not necessary that an affidavit upon which an attachment is applied for should contain the precise words used in the Code of Civil Procedure (sec. 636), if equivalent words be used. It is sufficient if the affidavit furnishes evidence from which the judge may be lawfully satisfied of the truth of the matters required to be shown.

An affidavit was made by the plaintiffs' agent, in which he stated that a cause of action existed in favor of the plaintiffs and against the defendant; and that the amount of the claim in the said action was $1,216.42, " over and above all discounts and set-offs." The affidavit then stated in detail facts showing the amount of the defendant's indebtedness to the plaintiffs, and the manner in which it arose, and the other facts required to authorize the judge to grant the attachment.

*Held,* that the affidavit was sufficient; that it was not necessary under all circumstances that it should be made by the plaintiff himself, and that the omission of the words "known to him" after the words discounts and set-offs did not affect the sufficiency of it.

APPEAL from an order made at a Special Term vacating an attachment.

The affidavit, which was made by an agent of the plaintiffs, stated " that a cause of action exists in favor of the plaintiffs against said defendant, for which said action is commenced; and that the amount of his claim in said action is $1,216.42, with interest from the 9th day of January, 1882, over and above all discounts and set-offs ; and that the grounds of said claim and cause of action are that the defendant is indebted to the plaintiffs for gent's wares and merchandise sold," etc. It then stated facts, in detail, showing the existence of the indebtedness, and of the other facts required by the Code to authorize an attachment to be issued.

The plaintiffs were engaged in carrying on business, as copartners, in Boston, Massachusetts.

*Lounsbery & Childs,* for the appellants.

*Howard Chipp, Jr.,* for the respondent.

BY THE COURT:

An attachment against property under the Code is auxiliary to an action. It is not the beginning of a distinct and special proceeding. We think, therefore, that papers should not be judged with that strictness which is used when they form the sole basis of jurisdiction.

The words "known to him" are intended rather in relief of the conscience of the affiant. One might hesitate to state positively that the amount claimed was due to him, over and above all counter-claims, since some counter-claims might exist of which the affiant had no knowledge. The omission of these words, therefore, strengthens rather than weakens the affidavit. Nor can we adopt a construction which would render it necessary that the affidavit should always be made by the plaintiff, and could not be made by an agent. We must consider that the intent is to satisfy the court that the amount claimed is really owing. Sometimes the agent of the plaintiff may know more of the matter than the plaintiff himself.

We think that it is not necessary that the precise words of the Code should be used, if words are used which are equivalent. Proof is to be made, to the satisfaction of the judge, of such and such facts. If there is evidence on which he may lawfully be satisfied of the truth of the matters required to be shown, that is enough. (*Ruppert* v. *Hall*, 1 Civ. Pro. Rep., 411, 417.)

Now, without discussing at any length the precise etymological meaning of the words "discounts and set-offs," we think that, in ordinary use, they have such meaning that a judge might feel satisfied by their use that there were no counter-claims to the plaintiffs' demand. Especially when, as in this case, the affiant sets forth, in detail, the facts and circumstances in regard to the transactions between the parties. The object of this part of the affidavit is to show that the plaintiff has, so far as he knows, a valid claim against the defendant, to the extent for which he asks an attachment. We think that enough was shown to justify the issue of the attachment, and that it should have been allowed to stand.

The undertaking was perhaps defective in respect to the mode of signature. At any rate, we think that the defendant should not have any risk in that respect. The plaintiffs should, therefore,

file a new undertaking, properly signed and acknowledged and justified.

The order setting aside the attachment is reversed, with ten dollars costs and printing disbursements, and the motion to set aside denied, providing the plaintiff, within ten days, file a proper undertaking, duly signed, justified and acknowledged.

Present — LEARNED, P. J., and BOCKES, J.

Order reversed, with ten dollars costs and printing disbursements, and motion to set aside attachment denied, provided plaintiffs, in ten days after motion, file an undertaking properly executed.